**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| **BRIAN TULLIS, Individually and For Others Similarly Situated,**<br><br>  Plaintiffs,<br><br>v.<br><br>**EXXONMOBIL CORPORATION,**<br><br>  Defendants. | Case No. 2:22-cv-00192<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. Plaintiff Brian Tullis (Plaintiff) brings this lawsuit individually and on behalf of all current and former Security Advisors (Putative Class Members) who worked for ExxonMobil Corporation (EXM) and were paid a day rate with no overtime compensation. Plaintiff brings this action to recover unpaid overtime wages and other damages from EXM under the Fair Labor Standards Act (FLSA).

2. This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*, to recover overtime wages.

3. Plaintiff and the Putative Class Members worked for EXM as Security Advisors.

4. Plaintiff and the Putative Class Members regularly worked for EXM in excess of forty (40) hours each week.

5. But EXM did not pay them overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Instead of paying overtime as required by the FLSA, EXM improperly classified Plaintiff and the Putative Class Members as independent contractors ineligible for overtime, and paid them a day rate with no overtime compensation. This practice violates the overtime requirements of the FLSA. *See* 29 U.S.C. § 201 *et. seq.*

7. EXM's decision not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

8. Rather, EXM knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

9. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action involves a federal question under the FLSA.

11. This Court has personal jurisdiction over EXM because EXM is a resident entity of this District and is subject to the court's personal jurisdiction with respect to the civil action in question.

12. Plaintiff resides in and is a resident of this District.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

14. Plaintiff worked for EXM from approximately February 2019 until December 2020 as a Security Advisor in Portland, Texas.

15. Throughout his employment, EXM paid Plaintiff a daily rate for each day worked

regardless of the total hours worked in a workweek ("day rate pay plan").

16. The relationship between Plaintiff and EXM rises to the level of an employee-employer relationship.

17. Plaintiff's consent to be a party plaintiff is attached as **Exhibit A**.

18. Plaintiff brings this action on behalf of himself and all similarly situated Security Advisors who were paid by EXM's day rate pay plan. EXM classified these Security Advisors as independent contractors, paid them a flat amount for each day worked, and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

19. The FLSA Collective of similarly situated workers consists of:

**All Security Advisors employed by or working on behalf of EXM and paid according to its day rate pay plan in the past three (3) years (Putative Class Members).**

20. The identities of the Putative Class Members can be readily ascertained from EXM's records.

21. EXM is a company doing business throughout the United States.

22. EXM is a New Jersey corporation, with headquarters in Texas and doing business in Texas, and may be served through its registered agent for service of process: **Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company,** 211 E. 7th Street, Suite 620, Austin, TX 78701.

## FACTS

23. EXM is a company engaged in the production and provisions of energy, fuel, lubricants, and chemicals. EXM has an international presence on six continents, and is involved in production and marketing of raw materials and energy technologies. *See generally* https://corporate.exxonmobil.com/About-us/Who-we-are (Last visited June 29, 2022).

24. EXM has myriad operation areas throughout the United States, and numerous locations within the state of Texas. *See generally* https://corporate.exxonmobil.com/Locations/United-States (last visited June 29, 2022).

25. EXM has a practice of using staffing companies to source its workers such as Plaintiff.

26. To complete its business objectives, it hires personnel (like Plaintiff) to staff its various worksites and secure its production and business interests in said locations.

27. For example, Plaintiff was hired by EXM to provide security services while construction was performed on an EXM plant in Portland, Texas.

28. Plaintiff would service designated worksites and designated EXM equipment.

29. Throughout Plaintiff's employment with EXM, EXM improperly classified him as an independent contractor exempt from overtime.

30. Throughout Plaintiff's employment with EXM, EXM paid him on a day rate basis, wherein Plaintiff received a day-rate for each day worked, regardless of how many hours he worked in a day or week.

31. During his time with EXM, Plaintiff regularly worked 10-12 or more hours each day, often for weeks at a time.

32. At no time during Plaintiff's employment with EXM did EXM pay him overtime compensation for hours worked in excess of forty (40) in a single week.

33. Plaintiff is one of many Security Advisors that EXM employed.

34. Numerous Security Advisors and those in similar roles whom EXM hired were classified by EXM as independent contractors and deemed ineligible for overtime compensation by EXM.

35. Many of these employees worked for EXM on a day rate basis (without overtime pay).

36. All such employees were and are subjected to the same or similar illegal pay practices for similar work.

37. These workers make up the proposed collective of Putative Class Members.

38. During the relevant period, these Putative Class Members were classified by EXM as independent contractors.

39. During the relevant period, these Putative Class Members worked for EXM on a day-rate basis.

40. During the relevant period, these Putative Class Members were not paid overtime for the hours they worked for EXM in excess of 40 hours each week.

41. While exact job titles and job duties may differ, EXM subjected the Putative Class Members and security workers to the same or similar illegal pay practices for similar work.

42. Plaintiff and the Putative Class Members worked in the field with other security workers, as well as construction and oil/gas personnel.

43. The Putative Class Members performed the same general job duties performed by Plaintiff. That is work to secure EXM's interests in the furtherance of refining and marketing petroleum and chemicals.

44. The Putative Class Members worked the same or similar schedule worked by Plaintiff, regularly working more than 40 hours each week.

45. EXM was in control of the work schedules of Plaintiff and the Putative Class Members.

46. Frequently Plaintiff and the Putative Class Members worked for EXM well over 50 hours in a given week.

47. Plaintiff's work schedule is typical of the Putative Class Members.

48. Plaintiff and the Putative Class Members work(ed) for EXM under its day rate pay scheme.

49. Plaintiff and the Putative Class Members never received a salary for the work they performed for EXM.

50. Plaintiff and the Putative Class Members received a day-rate regardless of the number of hours or days they worked in a week, even if they worked more than 40 hours in a workweek.

51. EXM classified Plaintiff and the Putative Class Members as independent contractors.

52. But EXM hired and treated Plaintiff and the Putative Class Members just like regular employees.

53. In fact, Plaintiff and the Putative Class Members were employees of EXM.

54. When Plaintiff interviewed for his position, he interviewed with agents of EXM.

55. When Plaintiff was hired for a security role with EXM, EXM dictated the staffing company Plaintiff had to use for payment.

56. The work assigned to and performed by Plaintiff and the Putative Class Members was assigned and governed entirely by EXM.

57. Plaintiff and the Putative Class Members reported directly to EXM management-level employees.

58. Plaintiff transmitted all security documentation and reports to his supervisor, who was an EXM employee working in EXM's Houston office.

59. Plaintiff and the Putative Class Members had to adhere to the quality standards and other requirements put in place by EXM.

60. Plaintiff and the Putative Class Members were required to follow and implement EXM's exhaustive global security policies and procedures.

61. Plaintiff and the Putative Class Members had to work at the location(s) designated by EXM.

62. While working at the location(s) designated by EXM, Plaintiff had to carry and EXM badge and wear clothing that bore EXM's logo.

63. Plaintiff and the Putative Class Members were economically dependent on EXM and relied on EXM for work and compensation

64. EXM determined the amount and type of compensation paid to Plaintiff and the Putative Class Members.

65. Plaintiff and the Putative Class Members worked in accordance with schedules determined by EXM.

66. EXM controlled Plaintiff's and the Putative Class Members' opportunities for profit and loss by dictating the days and hours they worked and the rates and method in which they were paid.

67. EXM effectively prevented Plaintiff and the Putative Class Members (or outright prohibited them) from working other jobs for other companies while they were working on jobs for EXM.

68. EXM prohibited Plaintiff and the Putative Class Members from subcontracting out the work they are assigned by EXM.

69. While employed by EXM, Plaintiff and the Putative Class Members did not market their services elsewhere.

70. While employed by EXM, Plaintiff and the Putative Class Members worked exclusively for EXM.

71. Plaintiff and the Putative Class Members did not substantially invest in the equipment or tools required to complete the overall job to which they were assigned. Instead, EXM provided

Plaintiff and the Putative Class Members with the programs, equipment, and facilities necessary for them to perform the work required of them.

72. Plaintiff and the Putative Class Members did not provide the significant equipment and programs they worked with daily, such as the survey equipment, office space, computers, and other necessary equipment.

73. Plaintiff and the Putative Class Members do not incur operating expenses like rent, payroll, and marketing.

74. Rather, EXM made the large capital investments in buildings, machines, equipment, tools, and supplied the business in which Plaintiff and the Putative Class Members work.

75. The work Plaintiff and the Putative Class Members performed was an essential part of EXM's core businesses.

76. Without the job performed by Plaintiff and the Putative Class Members, EXM would not have been able to secure or complete its business objectives.

77. At all relevant times, EXM maintained control, oversight, and direction of Plaintiff and the Putative Class Members, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

78. EXM controlled Plaintiff's and the Putative Class Members' pay.

79. Likewise, EXM controlled Plaintiff's and the Putative Class Members' work.

80. Even though Plaintiff and the Putative Class Members may have worked away from EXM's offices without the constant presence of EXM's supervisors, EXM still controlled significant aspects of their job activities by enforcing mandatory compliance with its policies and procedures.

81. The daily and weekly activities of Plaintiff and the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by EXM.

82. Virtually every job function was predetermined by EXM, including the tools and equipment used, the schedule of work, and related work duties.

83. Overall, EXM prohibited Plaintiff and the Putative Class Members from varying their job duties outside of predetermined parameters.

84. Plaintiff and the Putative Class Members were not required to possess any unique or specialized skillset (other than that maintained by all other security workers in their respective positions) to perform their job duties.

85. Plaintiff and the Putative Class Members performed routine job duties largely dictated by EXM.

86. All of the Putative Class Members performed similar job duties and were subjected to the same or similar policies and procedures which dictated the day-to-day activities they performed.

87. All of the Putative Class Members worked similar hours and were denied overtime as a result of the same illegal pay practice.

88. All of the Putative Class Members worked in excess of 40 hours each week and often worked more than 50 hours in a workweek.

89. EXM uniformly denied Plaintiff and the Putative Class Members overtime for the hours they worked in excess of 40 hours in a single workweek.

90. Plaintiff and the Putative Class Members were not employed on a salary basis.

91. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

92. EXM violated the FLSA because EXM, via its broadly applied and illegal day rate pay plan, denied Plaintiff and the Putative Class Members of overtime pay for the hours they worked in excess of 40 in a single workweek.

93. EXM knew Plaintiff and the Putative Class Members worked more than 40 hours in a week.

94. EXM knew, or showed reckless disregard for whether, Plaintiff and the Putative Class Members were improperly classified as independent contractors (as opposed to employees).

95. EXM knew, or showed reckless disregard for whether, Plaintiff and the Putative Class Members were not exempt from the FLSA's overtime provisions.

96. EXM knew, or showed reckless disregard for, whether the Putative Class Members were entitled to overtime under the FLSA.

97. EXM utilized a day rate pay plan despite clear and controlling law that states that Plaintiff and the Putative Class Members were EXM's *non-exempt* employees, and not independent contractors.

98. Accordingly, EXM's pay policies and practices blatantly violated (and continue to violate) the FLSA.

## COVERAGE UNDER THE FLSA

99. All previous paragraphs are incorporated as though fully set forth herein.

100. The FLSA Collective of similarly situated workers consists of:

   **All individuals in the Security Advisor position employed by or working on behalf of EXM and paid according to its day rate pay plan in the past three (3) years (Putative Class Members).**

101. At all times hereinafter mentioned, EXM was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

102. At all times hereinafter mentioned, EXM was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

103. At all relevant times, EXM has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

104. At all relevant times, EXM has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof.

105. In each of the past 3 years, EXM's annual gross volume of sales has exceeded $1,000,000 for at least the past 3 years.

106. During the respective periods of Plaintiff and the Putative Class Members' employment by EXM, the Putative Class Members provided services for EXM that involved interstate commerce for purposes of the FLSA.

107. EXM uniformly applied its policy of improperly classifying the Putative Class Members, including Plaintiff, as independent contractors.

108. EXM uniformly applied its policy of paying its Putative Class Members, including Plaintiff, a day rate with no overtime compensation.

109. EXM applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

110. EXM's practice of misclassifying its employees as independent contractors violates the FLSA.

111. EXM's uniform compensation scheme paying a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

112. By improperly classifying the Putative Class Members as independent contractors instead of employees, and by paying said Class Members a day rate with no overtime compensation, EXM violated (and continues to violate) the FLSA's requirement that it pay its employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

113. As a result of this policy, EXM and the Putative Class Members did not and do not receive overtime payment as required by the FLSA.

114. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 98.

115. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of EXM.

### CAUSE OF ACTION
### FLSA VIOLATIONS

116. All previous paragraphs are incorporated as though fully set forth herein.

117. At all relevant times, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

118. EXM violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

119. In violating the FLSA, EXM knowingly, willfully and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

120. Because EXM knew, or showed reckless disregard for whether, its pay practices violated the FLSA, EXM owes these wages for at least the past three years.

121. EXM knew or should have known its pay practices were in violation of the FLSA.

122. The decision and practice by EXM to not pay overtime was neither reasonable nor in good faith.

123. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees, and costs.

### FLSA COLLECTIVE ACTION ALLEGATIONS

124. All previous paragraphs are incorporated as though fully set forth herein.

125. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

126. Other similarly situated employees have been victimized by EXM's patterns, practices, and policies, which are in willful violation of the FLSA.

127. The Putative Class Members are defined in Paragraph 98.

128. EXM's failure to pay any overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of the individual Putative Class Members.

129. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

130. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

131. All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

132. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

133. Indeed, the Putative Class Members are non-exempt employees entitled to overtime after forty (40) hours in a week.

134. EXM has employed a substantial number of similarly situated Security Advisors within the three-year period preceding the filing of the instant lawsuit.

135. Upon information and belief, these Putative Class Members are geographically dispersed, residing and working in locations across the United States.

136. Because the Putative Class Members do not necessarily have fixed work locations, they may work in different states across the country in the course of a given year.

137. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and EXM will retain the proceeds of its rampant violations.

138. Moreover, individual litigation would be unduly burdensome to the judicial system.

139. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

140. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 98 and notice should be promptly sent.

## JURY DEMAND

141. Plaintiff demands a trial by jury.

## RELIEF SOUGHT

142. WHEREFORE, Plaintiff prays for judgment against EXM as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Putative Class as defined in herein and requiring EXM to provide the names, addresses, e-mail addresses, and telephone numbers of all potential collective action members;

b. For an Order approving the form and content of a notice to be sent to all potential FLSA Putative Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those FLSA Putative Class Members who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding EXM liable for unpaid back wages due to Plaintiff (and those FLSA Putative Class Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Putative Class Members who have joined in the suit);

e. For an Order awarding the costs and expenses of this action;

f. For an Order awarding attorneys' fees;

g. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order awarding the Plaintiff a service award as permitted by law;

i. For an Order compelling the accounting of the books and records of EXM, at EXM's own expense;

j. For an Order providing for injunctive relief prohibiting EXM from engaging in future violations of the FLSA, and requiring EXM to comply with such laws going forward; and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: August 12, 2022    Respectfully submitted,

By: */s/ Andrew Dunlap*
    **Michael A. Josephson**
    Texas Bar No. 24014780
    Fed Id. 27157
    **Andrew W. Dunlap**
    Texas Bar No. 24078444
    Fed Id. 1093163
    **Alyssa White**
    Texas Bar No. 24073014
    Fed Id. 1503719
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    awhite@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    Fed Id. 21615
    **BRUCKNER BURCH PLLC**
    11 Greenway Plaza, Suite 3025
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**